■ In the Matter of KAYLA S., a Child Alleged to be Abused. EDDIE S., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [45 NYS3d 97]—

Order of disposition, Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about June 16, 2015, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about June 2, 2015, which found that respondent had sexually abused the subject child, unanimously affirmed, without costs. Appeal from the fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

Regardless of whether the Family Court improperly took judicial notice of certain facts, the child's in-court testimony regarding the sexual abuse respondent inflicted upon her was sufficient to support the abuse finding by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Shirley C.-M.*, 59 AD3d 360, 360 [1st Dept 2009]; *Matter of Anjoulic J.*, 18 AD3d 984, 987 [3d Dept 2005]). The child's testimony did not require corroboration (*see Matter of Marelyn Dalys C.-G. [Marcial C.]*, 113 AD3d 569, 569 [1st Dept 2014]). In any event, the testimony was corroborated by the child's medical records, which included her similar account of the abuse, as well as by the child protection specialist's testimony (*see Matter of Dayanara V. [Carlos V.]*, 101 AD3d 411, 412 [1st Dept 2012]). The testimony of respondent's witnesses, who did not witness the incident, did not explain his conduct or rebut the evidence of his culpability (*see Matter of Jani Faith B. [Craig S.]*, 104 AD3d 508, 509 [1st Dept 2013]). Family Court properly drew a negative inference against respondent for failing to testify at the hearing (*id.*; *Matter of Jonathan Kevin M. [Anthony K.]*, 110 AD3d 606, 607 [1st Dept 2013]). Concur—Sweeny, J.P., Renwick, Andrias, Kahn and Gesmer, JJ.